

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/24/2013

| | | |
|---|---|---|
| IN RE: | § § | CASE NO: 11-38633 |
| LUKE QUOCTHAI NGO | § § | CHAPTER 7 |
| Debtor(s). | § § | JUDGE ISGUR |
| | § § | |
| LUKE QUOCTHAI NGO | § § § | |
| Plaintiff(s), | § § | |
| vs. | § § | ADVERSARY NO. 12-03142 |
| HOUSTON POLICE FCU | § § § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

The Houston Police Federal Credit Union's Motion for Summary Judgment, (ECF No. 16), is denied.

### Background[1]

Luke QuocThai Ngo filed for Chapter 7 bankruptcy on October 5, 2011. (Case No. 11-38633, ECF No. 1). Ngo received a discharge on January 17, 2012. (Case No. 11-38633, ECF No. 23).

Ngo banks with The Houston Police Federal Credit Union ("HPFCU").

The amended complaint alleges numerous violations of the discharge injunction and the automatic stay by HPFCU.

Ngo claims that on December 7, 2011, $750.00 was automatically withdrawn from his

---

[1] A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Therefore, this background section comes primarily from Ngo's Amended Complaint, (ECF No. 5).

account in order to satisfy a prepetition debt. (ECF No. 5 at 2). HPFCU acknowledged that this happened but argues that this was the fault of Ngo's employer and that the funds were immediately restored to Ngo's account. (ECF No. 16 at 5).

Ngo argues, while the bankruptcy case was pending and after he received a discharge, that HPFCU repeatedly refused him access to certain member services, harassed him, and committed various other retaliatory acts. (ECF No. 5 at 2-6). Ngo alleges HPFCU's acts were an attempt to punish him for filing bankruptcy and discharging their debt, as well as an attempt to get him to reaffirm or to pay the discharged debt. The acts complained of include: (i) refusing to cash his checks and freezing his account; (ii) refusing access to the ATM and drive-thru services; (iii) repeatedly telling him that his account was "delinquent" although the debt had been discharged; (iv) calls by an employee attempting to convince him to reaffirm a discharged debt; (v) being taken to the office of HPFCU's "Collector" to discuss his account (and presumably the discharged debt); (vi) repeatedly being told to by HPFCU employees to "pay his delinquent debt"; and, (vii) HPFCU's failure to remove from his account the balances for the discharged debt.

Ngo requests: (i) that HPFCU be held in contempt for its actions; (ii) attorneys' fees; (iii) actual damages to compensate for the time and expense in dealing with HPFCU's tactics; (iv) punitive damages; and, (v) damages for emotional distress.

HPFCU filed this Motion for Summary Judgment on December 17, 2012. (ECF No. 16). Ngo responded on January 7, 2013. (ECF No. 19).

**Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[2] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object that the

---

[2] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

## Analysis

HPFCU's motion begins by stating that summary judgment is warranted based "on the affirmative bases set forth herein." (ECF No. 12-3142). The motion then: (i) fails to clearly specify which affirmative defenses afford it this relief; (ii) fails to cite the "several reported bankruptcy court cases" that allegedly support their defense, or explain how this situation is analogous; and, (iii) completely misstates well-settled bankruptcy law.

In response to the allegations of harassment and discrimination, HPFCU states:

> Movant . . . . has heretofore adopted a policy applicable to its membership providing that certain services of the Movant to its members would be suspended in the event that a loss results to the credit union from doing business with any member (the "Loss Policy"). The types of which may be discontinued include loans, issuance of credit cards, drive thru services, and other membership matters and services normally offered to credit union members. . . . There are several reported bankruptcy cases in which credit unions have instituted policies whereby members who have "caused a loss" to the credit union can be denied future services. The findings in these cases, however, have made it clear that such policies must be instituted on a non-discriminatory basis (i.e., a credit union cannot deny future services solely on the grounds that the member filed for bankruptcy or obtained a discharge), and a credit union cannot use such policies to coerce a member into reaffirming their debt.

(ECF No. 16 at 1-2). HPFCU fails to cite the cases referenced. Moreover, citation by itself would be insufficient. HPFCU would have to explain how the current situation is analogous to the policies approved of in those bankruptcy cases. HPFCU's Motion for Summary Judgment completely fails in this regard. *See, e.g.*, *Duckett v. Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992) ("The movant [shows it is entitled to summary judgment] by informing the court of the basis of its motion, and by identifying portions of the record which reveal there are no genuine material fact issues.") (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

Moreover, the Court questions whether a non-discriminatory policy would overcome the discharge injunction. Banks are free to pursue claims against their customers. The discharge

injunctions *prohibits* banks from engaging in their normal collection practices against a discharged debtor. Accordingly, the discharge injunction precludes actions to collect debts even if that is the normal practice of a creditor. This includes treating a customer in an adverse manner until the customer pays a discharged debt; coercive techniques, no matter how routine, are prohibited. Rather than proving its case for summary judgment, HPFCU appears to give substantial validity to Ngo's claims against HPFCU.

HPFCU's Motion for Summary Judgment must be denied for an additional reason. HPFCU addresses Ngo's allegations that HPFCU employees repeatedly told him to "pay his delinquent debt" by stating:

> Plaintiff's limited testimony that the teller told him to "pay his delinquent" is nothing more than a scintilla of evidence and is insufficient to find a willing violation of the discharge injunction by Movant.
>
> Even if the incident occurred as Plaintiff alleges, it proves nothing more than Movant's enforcement of its Loss Policy, and not an attempt to collect a pre-petition debt.

(ECF No. 16 at 5, 6). HPFCU is incorrect on both accounts.

Ngo's complaint contains numerous accusations of discriminatory and retaliatory conduct—some of which HPFCU admits occurred (ECF No. 16 at 3-6) (acknowledging denial of ATM and drive-thru services, a telephone call made by an HPFCU employee to Ngo asking about reaffirmation of a discharged debt, and the existence business records indicating HPFCU thought NGO wished to reaffirm a discharged debt). The accusations represent more than a "scintilla" of evidence.

HPFCU's assertion that statements from its employees to Ngo to "pay your delinquent debt" (referencing a discharged debt) would not be a violation of the discharge injunction is absurd. It goes against the plain language of the statute as well as the voluminous amount of case law holding otherwise. *See* 11 U.S.C. § 524(a)(2) ("A discharge in a case under this

6 / 7

title . . . . operates as an injunction . . . of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived . . . ."); *see, e.g.*, *River Place E. Hous. Corp. v. Rosenfeld (In re Rosenfeld)*, 23 F.3d 833, 836 (4th Cir. 1994) ("[A]ny right to payment which arises prior to the bankruptcy constitutes pre-petition debt and is discharged, absent an applicable exception. The discharge operates to permanently stay any attempt to hold the debtor personally liable for discharged debts.").

## Conclusion

The Court will enter a separate order in accordance with this Memorandum Opinion.

SIGNED **January 24, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE